**Paramjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71436.

Agency No. A75–306–881.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Dec. 3, 2004.

Before PAEZ, BERZON, and BEA, Circuit Judges.

MEMORANDUM *

Paramjit Singh, a native of India, petitions for review of the summary decision of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) denial of petitioner's application for asylum,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

withholding of removal, and relief under the Convention Against Torture. Petitioner contends the IJ's adverse credibility finding is not supported by substantial evidence. We agree and grant the petition for review.

We review an IJ's adverse credibility finding for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Although the standard is deferential, the IJ "must provide a specific cogent reason for the adverse credibility finding." *Id.* (internal quotation marks omitted). The reasons underlying the adverse credibility finding "must be substantial and bear a legitimate nexus to the finding." *Id.* at 1228. Minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support an adverse credibility finding. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004).

The IJ's adverse credibility finding here is not supported by substantial evidence. The IJ relied on four claimed inconsistencies. First, the IJ found inconsistent petitioner's testimony that his third arrest occurred either on August 10, 1995 or August 15, 1995. The five-day span is only a minor inconsistency, and the IJ does not explain how it goes to the heart of petitioner's claim. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000) ("[a]ny alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding."). Second, the IJ found inconsistent petitioner's failure to state in his written declaration or during direct examination that he was interrogated during his third arrest about his uncle Jaggar Singh, instead raising that fact for the first time during cross-examination. "[T]he mere omission of details is insufficient to uphold an adverse credibility finding." *Id.* at 1167.

Third, the IJ found inconsistent petitioner's testimony regarding whether he was at home or in the city when he learned of his uncle Jaggar Singh's death, and whether petitioner departed his village in March 1996 or May 1996. The most one can infer from petitioner's testimony is that he was at home when petitioner learned of his uncle's death, but petitioner could be "at home" on the farm in the morning before going to the city to sell milk, never to return upon learning of his uncle's death. Thus, we see no contradiction. There is only a minor inconsistency over petitioner's March or May 1996 departure; there is no corroboration petitioner left his farm two months before his uncle was killed, and we consider the inconsistency an error either in speech or translation. *See id.* at 1166 ("we have long recognized that asylum hearings frequently generate mistranslations and miscommunications.").

Finally, the IJ found inconsistent petitioner's testimony regarding for whom he voted in 1989. Petitioner explained his confusion as to the particular candidate for whom he voted by also testifying that he voted the "voting symbol" of the Akali Dal Mann party: petitioner testified "I don't remember everything, but whatever his symbol, design was, I voted to that." Considering the twelve-year span between the election and petitioner's testimony before the IJ, his forgetfulness as to the name of a candidate whose name may or may not have appeared on the election ballot does not undermine petitioner's claim to allegiance to a particular party, which presence on the ballot is signified by a symbol. Moreover, the IJ failed to address petitioner's explanation regarding his confusion over the candidates' names. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) ("[a]n adverse credibility finding is improper when an IJ fails to address a petition-

er's explanation for a discrepancy or inconsistency.").

The IJ also made a demeanor finding, which is generally owed special deference. *See Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir.1994). But here, the IJ's demeanor finding was based not on a description of the appearance and manner of petitioner as he testified,[1] but instead was drawn from petitioner's "inconsistency" and "contradiction," which inconsistencies and contradictions we find are unsupported by the requisite substantial evidence.

In light of petitioner's credible testimony, we remand to the BIA for it to determine whether petitioner is eligible for asylum, withholding of removal, or relief under the Convention Against Torture.

PETITION GRANTED; REMANDED.

1. *See Paredes–Urrestarazu*, 36 F.3d at 818 ("the expression of his countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication").